[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTIONS FOR CONTEMPT; COUNSEL FEES; LOST WAGES, AND CHANGE OF VENUE
The defendant presses the captioned motions based upon court orders issued on November 5, 1990, which resulted from modifications agreed to between the parties. Reviewing the November 5, 1990 order agreed to by the parties, the court finds:
 Plaintiff to pay $225.00 per week support 50.00 toward monthly mortgage payment 50.00 toward mortgage arrearage
 Total $325.00 weekly payments in nature of support
In addition, the plaintiff was to pay to defendant certain support arrearages, and participate in paying certain other family debts.
Using for income purposes all payments made to the plaintiff from the Veterans Administration and the Social Security Administration, including support for the children, amount to a total of $2,983.00, the support guidelines suggest a support order of $345.00 per week.
Since the plaintiff on November 5, 1990 agreed to an order for payments of $225.00 plus $100.00 in mortgage payments, a total of $325.00, together with certain other payments for arrearages and debts, the inclusion into his net income of the child support payments from the Veterans Administration and the Social Security Administration is consistent with the November 5, 1990 agreement of the parties and the court orders issued.
Since support payments made by the Veterans Administration and Social Security are part of plaintiff's income, CT Page 1552 those payments when made to the defendant wife are to be credited to the plaintiff as court ordered support.
Therefore, the Social Security support payments received by the defendant in the sum of $1,200.00 for November, December and January are to be credited to the plaintiff's account.
Since the November 5, 1990 date of the stipulation agreed to by the parties, the plaintiff has developed arrearages as follows:
 Monthly mortgage payments to January 28, 1991 $ 600.00 Monthly mortgage arrearage payments to January 10, 1991 400.00 November support arrearage 870.00 Support from 12-1-90 to 1-28-91 (8 weeks at $225.00/week) 1,800.00 ________ Total $3,670.00
 Credits to plaintiff: Payments made directly by plaintiff to defendant $1,800.00 Social Security support payments to defendant 1,200.00 _________ Total $3,000.00
 Arrearage due from plaintiff to defendant $670.00
Based upon the above calculations, the court finds that the plaintiff's arrearage to the defendant as of the end of January, 1991 amounts to $670.00.
Further, the court finds that the plaintiff did not intentionally violate the orders of the court in acquiring the above arrearage since a material issue was involved as to how to apply the Veterans Administration and Social Security support payments with regard to the court ordered support.
Therefore the court, does not find the plaintiff in contempt of its orders; the court does, however, order that the plaintiff eliminate the arrearage of $670.00 within three (3) months of the date of this ruling.
As to defendant's Motion for Allowance to prosecute this action, this motion is best left to be decided at time of CT Page 1553 the dissolution, and, therefore, denied without prejudice.
Regarding defendant's Motion for Payment of Lost Wages, since the court found that the plaintiff had a reasonable basis for his interpretation of the court's prior orders, the court will not penalize him by ordering reimbursing to the defendant for her lost wages, and denies her motion.
As to the defendant's Motion for Change of Venue, the full hearing on the dissolution is scheduled for Friday, March 1, 1991, thus, any change in venue would delay the hearing of this complaint. Therefore, the motion is denied.
JULIUS J. KREMSKI STATE TRIAL REFEREE